SEALED

STEVEN J. GROCKI
Section Chief
U.S. Department of Justice
Criminal Division
Child Exploitation and Obscenity Section

RALPH A. PARADISO
Trial Attorney
1301 New York Ave., NW, 11th Floor
Washington D.C., 20530

Attorneys for Plaintiff
United States of America

<div style="border:1px solid">

**FILED**

**Oct 14, 2021**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

</div>

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. **2:21-cr-0197-KJM** |
| Plaintiff, | 18 U.S.C. §§ 2244(b), 3261 – Abusive Sexual Contact; Military Extraterritorial Jurisdiction Act |
| v. | 18 U.S.C. §§ 2243(a), 3261 –Sexual Abuse of a Minor; Military Extraterritorial Jurisdiction Act |
| LINWOOD HOSEA GORDON, | |
| Defendants. | |

GENERAL ALLEGATIONS

1.     The conduct alleged in this Indictment occurred outside the jurisdiction of any particular state or district and within the venue of the United States District Court for the Eastern District of California, as provided by 18 U.S.C. § 3238. The last known residence of the Defendant, LINWOOD HOSEA GORDON, was in El Dorado Hills, California, within the Eastern District of California.

2.     Between on or about June 2003 through on or about June 2009, the Defendant, LINWOOD GORDON, a citizen of the United States, was employed by the Armed Forces outside the United States, as defined in 18 U.S.C. § 3267(1), that is:

        a.     Between on or about June 2003 and on or about May 2005, the Defendant was a civilian employee employed by the Department of Army located on or near Camp Zuma, Japan;

INDICTMENT

1

b.    Between on or about May 2005 and on or about June 2009, the Defendant was a civilian employee employed by the Department of the Navy located on or near Yokusuka Naval Station, Japan;

c.    The Defendant was present and residing outside the United States, in Japan, in connection with such employment,

d.    The Defendant is not a national of or ordinarily a resident in Japan; and

e.    The conduct described in Count One of this Indictment occurred at or near military installations, in Japan.

3.    Between on or about November 1, 2016 through on or about April 27, 2017, the Defendant, LINWOOD HOSEA GORDON, a citizen of the United States, was employed by the Armed Forces outside the United States, as defined in 18 U.S.C. § 3267(1), that is:

a.    Between on or about November 1, 2016 through on or about April 27, 2017, the Defendant was a civilian employee employed by the Department of Defense, Joint Task Force – Guantanamo Bay, located on Guantanamo Bay Naval Station, Guantanamo Bay, Cuba;

b.    The Defendant was present and residing outside the United States, in Cuba, in connection with such employment,

c.    The Defendant is not a national of or ordinarily a resident in Cuba; and

d.    The conduct described in Count Two of this Indictment occurred at or near Guantanamo Bay Naval Station, in Cuba.

4.    The conduct described herein constitutes an offense which would be punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

**COUNT ONE: [18 U.S.C. § 2244(b) – Abusive Sexual Contact; 18 U.S.C. § 3261 – Military Extraterritorial Jurisdiction Act]**

5.    The general allegations set forth in paragraphs 1, 2 and 4 of this Indictment are re-alleged and expressly incorporated herein as if set out in full.

6.     That on or about April 26, 2017, at Guantanamo Bay Naval Station, Cuba, a United States military installation in Cuba, within the special maritime and territorial jurisdiction of the United States, the Defendant,

<div align="center">LINWOOD HOSEA GORDON,</div>

did knowingly engage in and attempt to engage in sexual contact, as defined in 18 U.S.C. Section 2246(3), with Victim #1, a person known to the Grand Jury, without Victim #1's permission, in violation of Title 18, United States Code, Sections 2244(b) and 3261.

**COUNT TWO: [18 U.S.C. § 2243(a) – Sexual Abuse of a Minor; 18 U.S.C. § 3261 – Military Extraterritorial Jurisdiction Act]**

7.     The general allegations set forth in paragraphs 1, 3 and 4 of this Indictment are re-alleged and expressly incorporated herein as if set out in full.

8.     That between on or about June 1, 2003 and on or about October 5, 2005, at military installations in Japan, places within the special maritime and territorial jurisdiction of the United States, the Defendant,

<div align="center">LINWOOD HOSEA GORDON,</div>

did knowingly engage in and attempt to engage in a sexual act with another person, Victim #2, a person known to the Grand Jury, who had attained the age of 12 years but not attained the age of 16 years, and was at least four years younger than the defendant, in violation of Title 18, United States Code, Sections 2243(a) and 3261.


A TRUE BILL.

/s/ **Signature on file w/AUSA**

_____
FOREPERSON

For _____
STEVEN J. GROCKI
Chief, Child Exploitation and Obscenity Section

INDICTMENT

3

SEALED

No. __2:21-cr-0197-KJM__

---

## UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA

*vs.*

### LINWOOD HOSEA GORDON

---

## I N D I C T M E N T

**VIOLATION(S):**  18 U.S.C. §§ 2244(b), 3261 – Abusive Sexual Contact; Military Extraterritorial Jurisdiction Act; 18 U.S.C. §§2243(a), 3261 – Sexual Abuse of a Minor; Military Extraterritorial Jurisdiction

---

*A true bill,*

/s/ Signature on file w/AUSA

— — — — — — — — — — — — — — — — — — — — — —
*Foreman.*

*Filed in open court this* — — — — — — — — 14th *day*

*of* — October — — — — — — — *, A.D. 20* 21 — — —

— — — — — — — /s/ N. Cannarozzi — — — — — — — — — — —
*Clerk.*

---

*Bail, $*  No bail bench warrant to issue.

— — — — — — — — — — — — — — — — — — — — —
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

GPO 863 525

SEALED

## United States v. Linwood Gordon
### Penalties for Indictment

**Defendant**
**LINWOOD HOSEA GORDON**

### COUNT 1:

VIOLATION:      18 U.S.C. §§ 2244(b), 3261, - Abusive Sexual Contact and Military Extraterritorial Jurisdiction Act

PENALTIES:      0-2 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of NMT 1 year

SPECIAL ASSESSMENT: $100 x2
ADDITIONAL SPECIAL ASSESSMENT: $5,000 x2 (18 U.S.C. §3014(a)(2))

### COUNT 2:

VIOLATION:      18 U.S.C. §§ 2243(a), 3261, - Sexual Abuse of a Minor and Military Extraterritorial Jurisdiction Act

PENALTIES:      0-15 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of NMT 3 years

SPECIAL ASSESSMENT:  $100