HEATHER E. WILLIAMS, SBN 122664
Federal Defender
CHRISTINA SINHA, SBN 278893
Assistant Federal Defender
Designated Counsel for Service
801 I Street, Third Floor
Sacramento, CA 95814
T: (916) 498-5700
F: (916) 498-5710

Attorneys for Defendant
LINWOOD H. GORDON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LINWOOD H. GORDON, <br><br> Defendant. | Case No. 2:21-CR-197-KJM <br><br> **NOTICE OF MOTION AND MOTION FOR RELEASE FROM PRETRIAL DETENTION** <br><br> Date: November 8, 2021 <br> Time: 2:00 P.M. <br> Judge: Hon. Carolyn K. Delaney |

**NOTICE OF MOTION**

TO: ACTING UNITED STATES ATTORNEY PHILLIP A. TALBERT, ASSISTANT UNITED STATES ATTORNEY ROGER YANG, AND TRIAL ATTORNEY RALPH PARADISO, COUNSEL FOR PLAINTIFF:

PLEASE TAKE NOTICE that on November 08, 2021, or as soon thereafter as the matter may be heard, Mr. Gordon will move for release from pretrial detention. The motion is supported by the concurrently filed memorandum of points and authorities, the files and records of this case, and any argument which may be presented at the above-captioned hearing.

**MOTION**

For the below-detailed reasons, Mr. Gordon, by and through counsel, hereby moves the Honorable Court to release him from pretrial detention on the least restrictive condition or combination of conditions necessary to reasonably assure his appearance and the safety of any other person and the community.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Factual Background.

Ever since the age of 18, Mr. Gordon has worked with the U.S. Armed Services. At age 18, right after finishing high school, Mr. Gordon enlisted as an active duty member of the military and was sent to multiple war zones, until he was honorably discharged over a decade later. Thereafter, he continued to work with the U.S. Armed Forces, this time in a civilian capacity. Mr. Gordon was arrested outside his home in El Dorado Hills (where he had been living for years) on November 02, 2021; at the time of his arrest, he was working with the Department of Defense, specifically in DECA (the Defense Commissary Agency).

Mr. Gordon is charged in two counts with the following offenses. The alleged conduct is dated, and is alleged to have occurred outside the United States:

| Count | Charged Statutes | Year of Alleged Conduct | Location |
|---|---|---|---|
| 1 | 18 U.S.C. § 2244(b) and 18 U.S.C. § 3261 | 2017 | Cuba |
| 2 | 18 U.S.C. § 2243(a) and 18 U.S.C. § 3261 | 2003, 2005 | Japan |

ECF No. 1 at 3. Section 3261 ("[c]riminal offenses committed by…persons employed by or accompanying the Armed Forces outside the United States") is simply a jurisdictional statute that allows the prosecution of U.S. citizens for certain alleged conduct committed abroad. Therefore, the substantive statutes to consider throughout the Bail Review analysis are 18 U.S.C. § 2244(b) and 18 U.S.C. § 2243(a).

## II. Applicable Law and Argument.

### A) There is No Rebuttable Presumption of Detention in This Case.

Given the fundamental nature of the right to liberty, "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Therefore, under the Bail Reform Act, there is a presumption in favor of release

in most cases.  18 U.S.C. § 3142(a).  However, there are two portions of the Bail Reform Act (as modified by the Adam Walsh Act) that lay out circumstances in which a rebuttable presumption in favor of detention arises; those are 18 U.S.C. § 3142(e)(2) and (e)(3).  Subsection (e)(2) concerns defendants who are convicted of certain offenses while on pretrial release, and is not at all relevant here, since Mr. Gordon does not have any convictions.  Subsection (e)(3) is discussed next.

Subsection (e)(3) lays out five additional circumstances in which a rebuttable presumption in favor of detention applies; they are when the defendant is currently charged with:

1. Certain drug offenses, none of which are charged here;

2. Offenses under Title 18, sections 924(c), 956(a), or 2332b, none of which are charged here;

3. Certain offenses under 18 U.S.C. § 2332b, none of which are charged here;

4. Certain offenses under Title 18, Chapter 77 (i.e., 18 U.S.C. § 1581 to §1597), none of which are charged here; or

5. Certain offenses added by the Adam Walsh Act involving an alleged victim who is a minor, specifically, Title 18, sections: 1201, 1591, 2241, 2242, **2244(a)(1)**, 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.  *See* 18 U.S.C. § 3142(e)(3)(E).  *None of these offenses are charged here*.

Again, the substantive offenses Mr. Gordon is charged with are Title 18, sections **2244(b)** and **2243**.  While the Adam Walsh presumption list includes 18 U.S.C. § 2244(a)(1), it specifically excludes §2244(b), which is what Mr. Gordon is charged with.  The fact that Congress chose to list § 2244(a)(1), instead of § 2244 as a whole, shows clear Congressional intent to exclude § 2244(b) from the purview of the Adam Walsh Act.  The other section he is charged with is 18 U.S.C. § 2243(a), which likewise does not appear on the list.

In short, there is no rebuttable presumption in favor of detention in this case, as the statutes Mr. Gordon is charged with do <u>not</u> appear in the Bail Reform Act's list of statutes where the detention presumption attaches.

**B) This Case Does Not Fall under the Adam Walsh Act, so the Court is Not Required to Impose any Conditions Listed at 18 U.S.C. § 3142(c)(1)(B)(xiv).**

If a defendant is charged with an offense enumerated at 18 U.S.C. § 3142(e)(3)(E) (the same list of statutes detailed at lines 15-18 of the preceding page), the Bail Reform Act, as modified by the Adam Walsh Act, requires the Court to impose certain conditions of release, including electronic location monitoring, regardless of whether the Court feels they are warranted for the specific defendant before the Court. *See* 18 U.S.C. § 3142(c)(1)(B)(xiv). Here again, though 18 U.S.C. § 2244(a) is included in the list of offenses triggering these mandatory conditions, the actual statute that Mr. Gordon is charged with – subsection 2244**(b)** – is not.

In short, the Court is free to analyze this case as usual under the Bail Reform Act, and is not required to impose any specific conditions. The only mandate on the Court is that it impose the least restrictive condition or combination of conditions necessary to reasonably assure Mr. Gordon's appearance and the safety of any other person and the community.

**III.    Forthcoming Release Package.**

As the defense will detail further at the forthcoming hearing on November 08, 2021, Mr. Gordon has extensive ties to the United States and an appropriate place to live. His family is very supportive of him, and they are willing to sign unsecured appearance bonds on his behalf. Mr. Gordon is also willing to sign a bond secured by the equity in his house, which is located in this district, less than an hour away from our Courthouse. Further, though the Court is not required to impose location monitoring as a condition of release, should the Court feel it is necessary, Mr. Gordon is more than willing to abide by those conditions, and understands the strict nature in which that condition is enforced.

**IV.    Conclusion.**

As neither a presumption nor the Adam Walsh Act applies to this case, the Court is free to proceed with the Bail Review Act analysis in this matter as per usual. As liberty is the norm, and detention the carefully limited exception, it is clear that this is not the extreme type of case where no conditions of release can be crafted. The conditions offered up by Mr. Gordon are more than sufficient to reasonably assure his appearance and the safety of any other person and the community. Therefore, at the forthcoming detention hearing, the defense will respectfully move

the Court to release Mr. Gordon from pretrial detention.

                                Respectfully submitted,

                                HEATHER E. WILLIAMS
                                Federal Defender

Date: November 5, 2021                /s/ *Christina Sinha*
                                CHRISTINA SINHA
                                Assistant Federal Defender
                                Attorneys for Defendant
                                LINWOOD H. GORDON