HEATHER E. WILLIAMS, SBN 122664
Federal Defender
CHRISTINA SINHA, SBN 278893
Assistant Federal Defender
Designated Counsel for Service
801 I Street, Third Floor
Sacramento, CA 95814
T: (916) 498-5700
F: (916) 498-5710

Attorneys for Defendant
LINWOOD HOSEA GORDON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LINWOOD HOSEA GORDON, <br><br> Defendant. | Case No. 2:21-CR-197-KJM <br><br> **STIPULATION AND [PROPOSED] ORDER TO VACATE STATUS CONFERENCE AND SET MOTIONS AND TRIAL DATE** <br><br> Date: November 28, 2022 <br> Time: 9:00 A.M. <br> Judge: Hon. Kimberly J. Mueller, Chief Judge |

IT IS HEREBY STIPULATED and agreed by and between Steven J. Grocki, Section Chief for the U.S. DOJ's Criminal Division, Child Exploitation and Obscenity Section, through Trial Attorney Gwendelynn Bills, counsel for Plaintiff, and Federal Defender Heather Williams, through Assistant Federal Defender Christina Sinha, counsel for Mr. Gordon, that the following motions, hearings, and trial date may be set in this matter, and respectfully request the Court to adopt its proposed schedule.

The parties specifically stipulate as follows:

1. Mr. Gordon was indicted on October 14, 2021, and on June 09, 2022, the government filed a superseding indictment. ECF Nos. 01, 33.

2. By previous order, this matter was set for a status conference on November 28, 2022. ECF No. 45.

   a. Since that time, the parties have *inter alia* conferred extensively

about the case and agreed that it will not settle short of trial. Rather than incrementally pushing the case out, the parties estimate that they will both be prepared to commence this trial on Tuesday, September 12, 2023, and (based on the Court's default trial schedule) estimate the closing statements will be done on September 21, 2023.

    b.    Therefore, the parties wish to vacate the status conference (currently set for November 28, 2022) and set September 12, 2023 as a firm date on the trial calendar and will be prepared to proceed to trial on that date, absent unforeseen circumstances.

    c.    Given the ongoing pandemic and the fact that government counsel is based in D.C., the parties wish to set the matter for trial via stipulation and proposed order, as this will promote judicial efficiency and protect court staff by limiting potential COVID-19 exposures. In the alternative, the parties request that the matter proceed via Zoom.

3.    Furthermore, the parties request that the Court set the following briefing schedule and hearing dates:

    a.    All pretrial motions (including motions *in limine*) shall be filed by July 10, 2023;

    b.    Opposition motions shall be filed by July 24, 2023;

    c.    Reply motions shall be filed by July 31, 2023;

    d.    **Trial confirmation hearing, hearing on pretrial motions, and hearing on motions *in limine* shall be set for August 07, 2023;**

    e.    **Trial shall commence on September 12, 2023** (and is estimated to end on or before September 21, 2023).

4. To limit mid-trial delays, the parties have agreed to a reciprocal-*Jencks* disclosure date of August 29, 2023. Statements associated with witness interviews occurring after that date will be turned over to opposing counsel as soon as practicable.

5. The parties agree a time exclusion is appropriate in this case, as detailed below.

6. The government has produced 1,155 items of discovery, which include law enforcement reports, recorded interviews, and military records.

7. Defense counsel represents that she requires additional time to review the discovery, investigate and research possible defenses, research potential pretrial motions, conduct a defense investigation, consult with Mr. Gordon, and otherwise prepare for trial.

8. Defense counsel believes that failure to grant the requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9. The government does not object to the continuance.

10. Therefore, the parties stipulate that the ends of justice served by granting the continuance outweighs the best interest of the public and Mr. Gordon in a speedy trial, and request the Court so to find.

11. For the purpose of computing time under 18 U.S.C. § 3161 *et seq.* (Speedy Trial Act), the parties request that the time period between November 28, 2022 and September 12, 2023, inclusive, be deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv) (Local Code T4), because it would result from a continuance granted by the Court at the defense's request, based on a finding that the ends of justice served by granting the continuance outweighs the best interest of the public and Mr. Gordon in a speedy trial.

*Continued on next page. Signature blocks immediately follow.*

Stipulation and [Proposed] Order to Set
Motions and Trial Dates                                        -3-                                  *United States v. Gordon*,
                                                                                                                  2:21-CR-197-KJM

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: November 15, 2022

*/s/ Christina Sinha*
CHRISTINA SINHA
Assistant Federal Defender
Attorneys for Defendant
LINWOOD HOSEA GORDON


Date: November 15, 2022

STEVEN J. GROCKI
Chief, Child Exploitation and Obscenity Section

*/s/ Gwendelynn Bills*
GWENDELYNN BILLS
Trial Attorney
Attorneys for Plaintiff

**O R D E R**

The Court, having received and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order.

IT IS SO ORDERED.

Dated: November ____, 2022

_____
HON. KIMBERLY J. MUELLER
Chief United States District Judge