HEATHER E. WILLIAMS, #122664
Federal Defender
CHRISTINA SINHA, #278893
MEGAN T. HOPKINS, #294141
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710

Attorney for Defendant
LINWOOD HOSEA GORDON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  2:21-CR-0197-DJC |
| Plaintiff, | **JOINT REQUEST TO SEAL ECF 71: DEFENSE MOTION TO SEVER COUNTS; ORDER** |
| vs. | |
| LINWOOD HOSEA GORDON, | Judge: Hon. Daniel J. Calabretta |
| Defendant. | |

Steven J. Grocki, Section Chief for the U.S. DOJ's Criminal Division, Child Exploitation and Obscenity Section, through Trial Attorney Gwendelynn Bills, counsel for Plaintiff, and Federal Defender Heather Williams, through Assistant Federal Defenders Christina Sinha and Megan T. Hopkins, counsel for Mr. Gordon, hereby jointly request to seal the defense motion filed at ECF 71, as it contains two instances where witnesses are named using their initials, rather than by the agreed upon naming convention set forth at paragraph twelve (12) of the protective order in this matter[1]. The defense will subsequently file an amended motion with the correct naming convention for the witnesses.

The sealing of ECF 71 is appropriate pursuant to Eastern District Local Rule 141, Federal

---

[1] The protective order directs the defense to refer to the alleged victims / complaining witnesses as Witness 1 and Witness 2. The defense inadvertently filed using a naming convention common in other protective orders in this district without first verifying compliance with the specific protective order in this case.

Rule of Criminal Procedure 57(a)(1), and 18 U.S.C. § 3509(d).  The Court has inherent power to seal documents.  *See United States v. Gurolla*, 333 F.3d 944 (9th Cir. 2003) (recognizing authority to accept submissions under seal); see also *United States v. Hickey*, 185 F.3d 1064 (9th Cir. 1999); *United States v. Hardwell*, 80 F.3d 1471, 1483-84 (10th Cir. 1996).  In this district, it is common practice to seal those documents or portions of documents which contain sensitive and confidential information that would not ordinarily be available to the public, including the names or initials of alleged victims in a criminal matter where a protective order designates an alternative naming convention.

## CONCLUSION

Based upon the foregoing, the parties request an order from this Court directing the sealing of ECF 71, and granting the defense leave to refile the defense motion to sever counts with the correct naming convention as set forth in the protective order.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: August 25, 2023        */s/ Megan T. Hopkins*
                             MEGAN T. HOPKINS
                             CHRISTINA SINHA
                             Assistant Federal Defender
                             Attorney for Defendant
                             LINWOOD HOSEA GORDON


Date: August 25, 2023        STEVEN J. GROCKI
                             Chief, Child Exploitation and Obscenity Section

                             */s/ Gwendelynn Bills*
                             GWENDELYNN BILLS
                             Trial Attorney
                             Attorneys for Plaintiff

**ORDER**

For the reasons set forth in the parties' Joint Request to Seal, the Court hereby orders the ECF 71 SEALED until further order of the Court. The defense is directed to file an amended Motion to Sever Counts within 24 hours of receipt of this order.

Dated:  August 25, 2023                              /s/ Daniel J. Calabretta
                                                     THE HONORABLE DANIEL J. CALABRETTA
                                                     UNITED STATES DISTRICT JUDGE