HEATHER E. WILLIAMS, #122664
Federal Defender
CHRISTINA SINHA, #278893
MEGAN T. HOPKINS, #294141
Assistant Federal Defenders
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700/Fax 916-498-5710

Attorney for Defendant
LINWOOD HOSEA GORDON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LINWOOD HOSEA GORDON, <br><br> Defendant. | Case No. 2:21-CR-0197-DJC-1 <br><br> **DEFENSE MOTION *IN LIMINE* # 03 TO EXCLUDE "EXPERT" TESTIMONY BY DR. DARREL TURNER UNDER FRE 702** <br><br> Judge: Hon. Daniel J. Calabretta |

By this filing, Mr. Linwood Gordon hereby moves *in limine* for an order precluding the testimony of the government's "expert," Dr. Darrel Turner.

**I.    Introduction.**

On October 14, 2021, the federal government filed a two-count indictment against Mr. Gordon, charging him with: 1) Abusive Sexual Contact in violation of 18 U.S.C. § 2244(b); and 2) Sexual Abuse of a Minor in violation of 18 U.S.C. § 2243(a).  On June 9, 2022, the government filed a four-count superseding indictment, adding counts three and four, and charging him with: 1) Abusive Sexual Contact in violation of 18 U.S.C. § 2244(b); 2) Sexual Abuse of a Minor in violation of 18 U.S.C. § 2243(a); 3) Aggravated Sexual Abuse in violation of 18 U.S.C. § 2241(a)(1); and 4) Sexual Abuse in violation of 18 U.S.C. § 2242(1).

On September 7, 2023, the government provided the defense team with a letter that *inter alia* stated:

> [T]he government intends to present the expert testimony of Darrel Turner, PhD, under Rules 702 through 705 of the Federal Rules of Evidence.

Exhibit A: Government's September 7, 2023, Letter to Defense, at 1.  The letter included curriculum vitae which details Dr. Turner's background and qualifications, including approximately 18 years in the field of clinical psychology with experience evaluating adults and juveniles, publishing articles summarizing his own research in the field of clinical psychology, and most recently, researching grooming patterns of online sex offenders.  Exhibit B: Government's September 7, 2023, Notice of Expert Witness and CV.

Pursuant to the government's notice, Dr. Turner is expected to testify about 1) the process of grooming by sex offenders; 2) compliant victims and delayed or partial disclosure; 3) characteristics of child sex offenders; 4) repeat child sex offenders and the expected similarities among the offenses; and 5) the dynamics of intra-familial sexual abuse.  *See* Ex. B at 2.  Dr. Turner's opinions are based solely on his academic training, research and experience, and are not informed by a review of any case-specific materials or an interview of Mr. Gordon or either of the complaining witnesses in this case.

Neither complaining witness in this case engaged in the delayed reporting Dr. Turner would testify about.  Witness 1 was an adult at the time of the alleged offense in Count 1, which she reported immediately after it was alleged to have occurred.  Witness 2 was a teenager at the time of the alleged offenses in Counts 2-4, and purportedly disclosed the abuse to others long before she disclosed it to law enforcement.  Neither of the complaining witnesses have alleged the "grooming" practices Dr. Turner would testify to, such as gift giving, special activities, or peer-like activities (movies or television).  *See* Exhibit B at 4.

   **II.   Applicable law and argument.**
   **A.  Dr. Turner's Opinion Fails the Threshold Considerations of FRE 702.**

Under Rule 702, experts may testify only if their knowledge and expertise "will help the trier of fact to understand the evidence or to determine a fact in issue . . . ."  Fed. R. Evid.

2

702(a).[1]  The expert must thus offer assistance as to some matter which is beyond the understanding of the average juror.  *See United States v. Marsh*, 26 F.3d 1496, 1503 & n.3 (9th Cir. 1994); *United States v. Amaral*, 488 F.2d 1148, 1152-53 (9th Cir. 1973) ("The theory upon which expert testimony is excepted from the opinion evidence rules is that such testimony serves to inform the court [and jury] about affairs not within the full understanding of the average man.").  If expert testimony does not assist the jury, it may be excluded.  *Pool v. Dowdle*, 834 F.2d 777, 780 (9th Cir. 1987); *Amaral*, 488 F.2d at 1152-53.

An expert's testimony must also be relevant.  *See United States v. Spangler*, 810 F.3d 702, 707 n.3 (9th Cir. 2016) (citing *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) ("'We have interpreted Rule 702 to require that '[e]pert testimony . . . be both relevant and reliable.'"") (citation omitted)).  Expert testimony must thus have a "tendency to make a fact more or less probable than it would be without the evidence[]" and that fact must be "of consequence . . . ."  Fed. R. Evid. 401.  Without a clear connection between the expert's testimony and a material fact in the case, the testimony should be excluded as irrelevant, particularly as it would then only confuse the issues, mislead the jury, and waste time.  *See* Fed. R. Evid. 403.

The government proposes that Dr. Turner be allowed to testify regarding easily understood and (particularly in the current era) widely acknowledged methods of "grooming" of minors by sex offenders, generally.  A jury is unquestionably capable of understanding these methods based upon their own knowledge and experience without the aid of an "expert," should evidence of grooming be admitted at trial.  The proposed testimony is also irrelevant to the facts at issue in this case.  Mr. Gordon is alleged to have sexually abused the complaining witnesses during separate medical-type examinations of their respective genital areas, and in the case of

---

[1] An expert's testimony must also be "based on sufficient facts or data," be "the product of reliable principles and methods," and be based on principles and methods "reliably applied" "to the facts of the case."  Fed. R. Evid. 702(b)-(c).  None of these requirements are clearly met from the face of the government's summary, nor from the articles authored by Dr. Turner listed in the government's September 7, 2023, notice. Dr. Turner's research primarily focuses on grooming by *online* sex offenders, which is not what is alleged to have occurred in the instant case.

Witness 2, of engaging in further abuse, including forced penetration. Mr. Gordon, of course, denies Witness 2's allegations entirely, and will confront her testimony with impeachment evidence. Dr. Turner's testimony would at best be confusing to the jury as it would not align with the facts of this case, and at worst would mislead the jury to believe that there is additional evidence of grooming that would bolster the credibility of Witness 2's testimony where in fact there is none.

Nowhere in the summary of Dr. Turner's proposed testimony does the government indicate that Dr. Turner has identified specific alleged conduct *by Mr. Gordon* constituting "grooming," nor that Mr. Gordon fits the profile of the type of "online sex offender" that Dr. Turner has devoted his research to. Indeed, there is absolutely no evidence that Mr. Gordon has ever engaged in inappropriate sexual conduct online or sought to possess materials involving child exploitation. As this testimony is irrelevant and unhelpful to the trier of fact and risks misleading the jury into associating Mr. Gordon's alleged conduct with that of the various online predators Dr. Turner primarily researches, it should be excluded as confusing, a waste of time, and unfairly prejudicial. *See* Adv. Comm. Notes, Fed. R. Evid. 704 ("Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time."); *United States v. Rahm*, 993 F.2d 1405, 1413 (9th Cir. 1993) ("[T]his circuit continues to guard . . . from expert elucidation, areas believed to be within the juror's common understanding.").

**B. Dr. Turner Has Not Reliably Applied Relevant Principles and Methods to the Facts of this Case, as Required Under FRE 702(d).**

Rule 702(d) permits the testimony of a qualified expert only if "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(d). The government concedes in its September 7, 2023 letter that Dr. Turner's opinions are based solely on his own training and research, and that he has not reviewed any case-specific materials nor has he been provided with any case-specific facts relating to Mr. Gordon or the complaining witnesses. *See* Ex. B at 2-3. Dr. Turner therefore cannot apply his research to the facts of this case. Even

assuming Dr. Turner is qualified as a clinical psychology expert, it is wholly insufficient for him to simply leap from his experience and research in other cases – particularly when his focus is clearly on online predators – to a conclusion in this one, without having evaluated the evidence in this case.

### C. In the Alternative, the Court Should Hold a *Daubert/Kumho Tire* Hearing Outside the Presence of the Jury Before Admitting Dr. Turner's Testimony.

To prevent jury contamination, should the Court be disinclined to preclude Dr. Turner's testimony, the defense requests a *Daubert* hearing to evaluate the admissibility of the expert testimony, which will also allow the Court to determine whether such testimony is more prejudicial than probative under Federal Rules of Evidence 403 and 703.

### III. Conclusion.

For the foregoing reasons, the defense respectfully moves this Court to grant its motion *in limine* to preclude expert testimony from Dr. Turner.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: September 28, 2023

*/s/ Megan T. Hopkins*
MEGAN T. HOPKINS
CHRISTINA SINHA
Assistant Federal Defenders
Attorneys for Defendant
LINWOOD HOSEA GORDON