HEATHER E. WILLIAMS, SBN 122664
Federal Defender
CHRISTINA SINHA, SBN 278893
MEGAN T. HOPKINS, SBN 294141
Assistant Federal Defenders
801 I Street, Third Floor
Sacramento, California 95814
T: (916) 498-5700
F: (916) 498-5710

Attorneys for Defendant
LINWOOD HOSEA GORDON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-CR-197-DJC |
| Plaintiff, | **MR. GORDON'S MOTION IN LIMINE # 04 TO EXCLUDE TESTIMONY PROTECTED BY MARITAL PRIVILEGE** |
| vs. | |
| LINWOOD HOSEA GORDON, | Judge: Hon. Daniel J. Calabretta |
| Defendant. | |

For the below-detailed reasons, Mr. Gordon respectfully moves this Court to grant his motion to exclude testimony detailed below by Mr. Gordon's two ex-wives.

**I.   Introduction.**

Mr. Gordon has been married twice. He and his second wife[1] were legally married from March 20, 1993 to October 15, 2012. Counts 2, 3, and 4, all of which relate to one of WIFE 2's daughters, involves alleged conduct that occurred entirely in this timeframe.

Subsequently, Mr. Gordon and Wife 1[2] were legally married; that marriage lasted from June 20, 2014 to December 07, 2017. Count 1, which relates to one of Wife 1's daughters, involves alleged conduct that occurred entirely in this timeframe.

/

---

[1] As his second wife is the mother of Witness 2, her name has been redacted in this public filing; she is hereinafter referred to as Wife 2.

[2] As WIFE 1 is the mother of Alleged Victim 1 (hereinafter "AV1") her name has been redacted in this public filing. The Protective Order at ECF No. 22 does not require the defense to do so, but out of an overabundance of caution, the defense has opted to do so.

**II.     Applicable Law.**

Fed. R. Evi. 501 states that in criminal cases, except as otherwise required by the United States Constitution, federal statute, or a Supreme Court rule, the common law, "as interpreted by United States courts in the light of reason and experience," governs claims to privilege. *United States v. Fomichev*, 899 F.3d 766 (9th Cir. 2018).

Two marital privileges are currently recognized in federal courts. The first is the spousal adverse testimonial privilege, which permits a spouse to refuse to testify adversely against the other during the marriage. *Trammel v. United States*, 445 U.S. 40, 52 (1980). This covers all adverse testimony, regardless of the source of the knowledge. The privilege can only be invoked by the testifying spouse. This privilege is not at issue, as Mr. Gordon is not currently married.

The second marital privilege, which is at issue in this case, protects confidential communications arising from the marital relationship itself. *Blare v. United States*, 340 U.S. 332, 333 (1954). This confidential communications privilege applies to statements from one spouse to the other during a valid marriage. *Pereira v. United States*, 347 U.S. 1 (1954); *Fomichev*, 899 F.3d at 771. This does not entirely disqualify a spouse from testifying; rather, it precludes the testifying spouse from disclosing matters the law considers confidential. *See e.g. United States v. Montgomery*, 384 F.3d 1050 (9th Cir. 2004) (finding a wife's letter to her husband left on kitchen table was intended to be a confidential communication, thus, it was error for the prosecution to refer to its contents, and further finding that either the defendant-husband or the witness-wife could claim the privilege); *see also United States v. Neal*, 743 F.2d 1441 (10th Cir. 1984) (witness-spouse's willingness to testify against defendant-spouse did *not* nullify defendant-spouse's ability to claim this privilege and prevent witness-spouse from testifying about their confidential communications made during their marriage).

Furthermore, this privilege survives the termination of the marriage; if the confidential communication was made during a valid marriage, the privilege survives. *United Statses v. Bolzer*, 556 F.2d 948 (9th Cir. 1977); *United States v. Lustig*, 555 F.2d 737, 747 (9th Cir. 1977).

All private communications between spouses are presumed confidential unless

demonstrated otherwise. *Wolfle v. United States*, 291 U.S. 7, 14 (1934). As such, the government has the burden of demonstrating that any communications between Mr. Gordon and Wife 1 or Wife 2 it seeks to introduce at trial is not confidential in nature. *Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454, 1456 (9th Cir. 1983); *United States v. Weinberg*, 439 F.2d 743, 750 (9th Cir. 1971).

### III.  Argument.

#### A.  The confidential communications privilege is at issue in this case.

The defense anticipates that the government will place Wife 2 and Wife 1 on its witness list. Given that the alleged conduct in Count 1 entirely occurred during Mr. Gordon's marriage to Wife 1, and the alleged conduct in the remaining counts entirely occurred during Mr. Gordon's marriage to Wife 2, any testimony or other evidence from these witnesses that speak or refer to confidential communications between Mr. Gordon and Wife 2 during their marriage and Mr. Gordon and Wife 1 during their marriage would violate the confidential communications privilege, as Mr. Gordon does *not* waive that privilege.

#### B.  Request for hearing outside jury's presence.

Should the government seek to introduce any evidence or testimony about confidential communications referenced above, the defense requests that the Court hold a hearing, outside the presence of the jury, to determine the admissibility of such evidence.

#### C.  Ongoing objection.

Should the Court deny this motion in limine, the defense requests the Court to consider this filing an ongoing objection to the introduction of any evidence of confidential communications between Mr. Gordon and his spouses during the course of their marriages, as doing so will increase judicial efficiency and minimize disruptions at trial.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: September 28, 2023

*/s/ Christina Sinha*
CHRISTINA SINHA
MEGAN T. HOPKINS
Assistant Federal Defenders
Attorneys for Defendant
LINWOOD HOSEA GORDON