HEATHER E. WILLIAMS, #122664
Federal Defender
CHRISTINA SINHA, #278893
MEGAN T. HOPKINS, #294141
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710

Attorney for Defendant
LINWOOD HOSEA GORDON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  2:21-CR-0197-DJC-1 |
| Plaintiff, | ) ) | **MR. GORDON'S MOTION *IN LIMINE* # 07 TO PRECLUDE REFERENCE OR** |
| vs. | ) ) | **DISPLAYS OF SUPPORT FOR THE #METOO MOVEMENT IN THE PRESENCE** |
| LINWOOD HOSEA GORDON, | ) ) | **OF THE JURY** |
| Defendant. | ) ) | Judge: Hon. Daniel J. Calabretta |
| | ) ) | |

Mr. Gordon hereby respectfully moves *in limine* for an order precluding any reference to the #MeToo movement and any displays of support (including clothing, signs, jewelry or other accessories with the #MeToo logo or related images, slogans, or calls to action) in the presence of prospective or impaneled jurors.

**MOTION**

The nature of Mr. Gordon's case makes this trial particularly vulnerable to the influence of victim-centered social movements, and in particular the #MeToo movement, which emphasizes the importance of believing alleged victims, even when their reports are incomplete and imperfect, long-delayed, or factually unusual.  While this movement may benefit women in our society on a grand scale, it threatens the impartiality of prospective jurors who are exposed to the rallying cry to believe accusers and condemn the accused based solely on the fact that an accusation has been levied.  This is particularly problematic in cases such as the instant one, where more than one woman has accused the defendant of misconduct.  Given the momentum

1    and widespread exposure of prospective jurors to the #MeToo movement, which has

2    overwhelmed all major social media platforms, media and news sources, additional safeguards

3    are necessary to ensure that Mr. Gordon receives a fair trial.

4    ***The Movement's Slogan "Believe Women" is in Direct Contradiction with the Cornerstone of***

5    ***our System of Justice: the Presumption of Innocence for the Accused***

6         The #MeToo movement became all-encompassing in 2017, when Harvey Weinstein was

7    accused of sexual harassment and famous Hollywood actors began using the "MeToo" hashtag

8    on various social media platforms.  That year, 19 million women echoed "me too" and rallied

9    around the call to "believe women," creating the hashtag #believewomen.  The slogan quickly

10   leapt from the online platforms and appeared on posters at protests across the country.  It was the

11   subject of heated debate as to the scope and implications of blindly accepting allegations of

12   sexual violence and harassment, and persists today as a call to action within the movement.

13        It is highly unlikely to find a prospective juror who has not heard of and formed an

14   opinion about the movement, generally, and has not been exposed to the demands that alleged

15   victims be believed as a matter of course, and certainly as an initial starting point.  This premise

16   is antithetical to the presumption of innocence and the jury's charge of holding the government

17   to its burden of proof beyond a reasonable doubt, assessing witness credibility, applying the

18   appropriate weight to testimony and evidence, and serving as an impartial finder of fact.  It is

19   therefore necessary to safeguard the jury from additional pressure and reminders of this

20   movement during trial, in order to minimize the risk that jurors will disregard the burden of proof

21   in the face of women accusing a man of sex crimes.

22   ***The Court Should Preclude Any Mention of the MeToo Movement by the Parties or Witnesses,***

23   ***and Should Ban Any Open Displays of Support for #MeToo in the Courtroom and in the***

24   ***Presence of Prospective and Impaneled Jurors***

25        The #MeToo movement has no specific relevance to Mr. Gordon's case, and the parties

26   have no need to incorporate references to #MeToo in opening or closing remarks to the jury,

27   questioning of witnesses, or otherwise.  To do so would be to prey on the jurors' sense of social

28   obligation to the detriment of their civic responsibility.  Additionally, the #MeToo movement's

marketing and promotion has moved beyond social media hashtags and news reports to retail

clothing, jewelry, pins and buttons, hats and other accessories.  These items echo the message of

the movement, and the call to action that we must "believe women" accusers, without assessing

the credibility of their accusation.  This is not appropriate messaging to expose prospective or

impaneled jurors to, given the utmost importance of their impartiality and fair assessment of

witness testimony and evidence during trial.  Therefore, Mr. Gordon asks the Court to enter an

order precluding any reference to the #MeToo movement in the presence of prospective or

impaneled jurors, and to ban open displays of support for the movement from the courtroom

during trial proceedings.

## CONCLUSION

Based upon the foregoing, this Court should adopt the proposed restrictions on references

to the #MeToo movement during trial, in the interest of safeguarding Mr. Gordon's right to a fair

trial by an impartial jury.


Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender


Date: September 28, 2023          /s/ Megan T. Hopkins
                                  MEGAN T. HOPKINS
                                  CHRISTINA SINHA
                                  Assistant Federal Defender
                                  Attorney for Defendant
                                  LINWOOD HOSEA GORDON

GORDON: Motion *In Limine* – References to the #MeToo Movement