STEVEN J. GROCKI
Section Chief
U.S. Department of Justice
Criminal Division
Child Exploitation and Obscenity Section

GWENDELYNN BILLS, TN #034150
ANGELICA CARRASCO, NJ #154252015
Trial Attorneys
United States Department of Justice, Criminal Division
Child Exploitation & Obscenity Section
1301 New York Avenue, N.W.
Washington, D.C.  20005

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.  2:21-CR-00197-DJC |
|---|---|
| Plaintiff, | **UNITED STATES' MOTION TO PRECLUDE SELF-SERVING HEARSAY AND GOOD CONDUCT EVIDENCE** |
| v. | |
| LINWOOD HOSEA GORDON, | Court: Hon. Daniel J. Calabretta |
| Defendant. | |

I.  **INRODUCTION**

The United States submits this motion *in limine* to preclude the defendant Linwood Gordon ("defendant") from introducing self-serving hearsay statements at trial or from offering impermissible character evidence.  The defendant is prohibited from introducing his own statements through the testimony of another witness, through prior court pleadings and/or filings, or other information written by him.  Any attempt to introduce such self-serving hearsay is barred by the Rules of Evidence. The defendant is further restricted in offering only pertinent character evidence and only evidence in the form of an opinion or

1

reputation.

## II. LEGAL STANDARD AND ARGUMENT

### A. The Defendant Cannot Offer Self-Serving Hearsay

In this case, the government anticipates that the defendant may seek to introduce self-serving statements through his recorded interview, members of his family, or through others associated with participation with the miliary or religious affinity groups. He may reference such statements as early as his opening statement. To the extent the defendant seeks to do this, the Court should preclude reference to his own inadmissible hearsay.

When offered by the government, a defendant's own statements are admissible against him or her under Rule 801(d)(2)(A) as the statement of a party opponent. Fed. R. Evid. 801(d)(2)(A); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000).

Although the government may elicit prior statements made by the defendant, the defendant should be precluded from attempting to elicit or otherwise introduce his own statements. Under the Federal Rules of Evidence, a defendant's own out-of-court statements, offered by the defendant, are hearsay and therefore inadmissible. Fed. R. Evid. 801(c); *Ortega*, 203 F.3d at 682. Thus, it is well-established that a defendant cannot try to introduce his own statements through other witnesses, but, instead, must testify in court if he wishes to offer such testimony. *See, e.g., United States v. Mitchell*, 502 F.3d 931, 964-65 (9th Cir. 2007) ("These statements [by defendant] were inadmissible hearsay; as [defendant] was attempting to introduce them himself, they were not party-opponent admissions, nor did the fact that they were made in a more broadly self-inculpatory confession bring them within the statement-against-interest exception."); *Ortega*, 203 F.3d at 682 (affirming trial court's preclusion of defendant eliciting on cross-examination exculpatory statements given to law enforcement officer); *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (per curiam) ("It seems obvious defense counsel wished to place [defendant's denial to police officer] before the jury without subjecting [defendant] to cross-examination, precisely what the hearsay rule forbid.").

Nor can the defendant rely on Federal Rule of Evidence 801(d)(1)(B), which provides that a statement is not hearsay if "[t]he declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of a recent fabrication or improper influence or motive[.]" A prior consistent statement is not admissible if it is introduced in the absence of impeachment. *See United States v. Navarro-Varelas,* 541 F.2d 1331, 1334 (9th Cir. 1976) (appellant offered to introduce and play tape recording of interview of appellant and DEA agent to reinforce appellant's credibility). Moreover, even if the declarant's testimony has been impeached, prior consistent statements are not admissible if the declarant had motive to give false information at the time that the prior out-of-court statement was made. *See United States v. DeCoito,* 764 F.2d 690, 694 (9th Cir. 1985) (declarant's prior consistent statement not admissible for purposes of rehabilitation if declarant had motive to lie to avoid prosecution when prior statement was made); *United States v. Rohrer,* 708 F.2d 429, 433 (9th Cir. 1983) (diagram drawn by declarant not admissible as prior consistent statement because declarant had motive when diagram was made to fabricate, that is, driving better leniency bargain with the government).

Here, the United States anticipates that the defendant may attempt to prove his own statements through the testimony of another witness. As these statements would be impermissible under Rule 801(d)(1)(B) and Rule 801(d)(2), they should be excluded.

B. The Defendant Cannot Introduce Specific Acts of Prior Good Conduct

Additionally, the defendant should be precluded from attempting to introduce testimony regarding any specific acts of prior good conduct. Generally, character evidence is not admissible to "prove that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 401(a)(1). But, in criminal cases, a Defendant may "offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 401(a)(2).  Thus, the threshold for admissibility of character evidence is that it be "pertinent." A character for "law-

3

1   abidingness," for example, is typically considered pertinent in a criminal trial. *United States*
2   *v. Diaz,* 961 F.2d 1417, 1419 (9th Cir. 1992). Other traits must be examined on a case-
3   by-case basis for their relevance to the charges and defenses at issue in each case.
4   Examples of non-pertinent traits include evidence of a state-judge defendant's job
5   performance during his prosecution for filing false tax returns, *United States v. Scholl*, 166
6   F.3d 964, 975 (9th Cir. 1999); evidence of a defendant police officer's prior
7   commendations in a corruption case, *United States v. Washington*, 106 F.3d 983, 1000
8   (D.C. Cir. 1997); and the police-officer defendant's resume and evidence of his
9   commendations in a mail fraud and perjury related to the purchase of police officer
10  promotion exams and answers case, *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st
11  Cir. 1989). So, too, here, evidence of the defendant's character that is not pertinent to the
12  charged offenses is inadmissible, and this may include information such as work
13  commendations, reputation as an employee, or reputation in his faith community.

14          If the evidence of a defendant's character or character trait is pertinent, there are
15  still restrictions on how that evidence may be introduced. It can only be proved by
16  "testimony about the person's reputation or by testimony in the form of an opinion." Fed.
17  R. Evid. 405(a). It is only on cross-examination that the court "may allow an inquiry into
18  relevant specific instances of the person's conduct."[1] *Id.* Thus, a character witness cannot
19  offer specific instances of conduct by the defendant which would tend to support the
20  reputation of the defendant. *See United States v. Giese,* 597 F.2d 1170 (9th Cir. 1979)
21  (holding that character witnesses must restrict their direct testimony to appraisals of
22  defendant's reputation); *United States v. Hedgecorth,* 873 F.2d 1307 (9th Cir. 1989)
23  ("While a defendant may show a characteristic for lawfulness through opinion or reputation
24  testimony, evidence of specific acts is generally inadmissible"); *United States v. Gravely*,
25  840 F.2d 1156, 1164 (4th Cir. 1988) (testimony of specific activities with March of Dimes

---

[1] Federal Rule of Evidence 405(b) creates a carve-out to this rule in cases where "character or character trait is an essential element of a charge, claim, or defense." That exception does not apply here.

inadmissible to show good character). The rule bars, for example, evidence that on other occasions the defendant engaged in non-criminal conduct similar to the criminal conduct for which he is accused, for example non-criminal, non-sexual interactions with children.[2] The rule further bars asking a defense witness about the defendant's propensity to engage in a specific type of criminal activity. *See United States v. Diaz,* 961 F.2d 1417 (9th Cir. 1992) (finding it impermissible to ask character witnesses about a defendant's propensity to engage in large scale drug dealing). Consequently, the Government moves *in limine* to prohibit the defendant from introducing testimony from any character witness regarding: (a) a specific instance of any defendant's conduct (including lack of specific instances of bad conduct), and (b) the defendant's lack of propensity to be involved in sexual abuse.

### III.     CONCLUSION

Based on the foregoing reasons, the United States respectfully requests that the Court preclude the defendant from introducing self-serving hearsay statements at trial.

---

[2] Such evidence would also be independently excludable as wholly irrelevant to the charge pending before the court. See *Government of the Virgin Islands v. Suarez*, 242 Fed. App'x 845 (3d Cir. 2007) (defendant charged with child rape properly prevented from introducing evidence that he had cared for children in the past without incident); *United States v. Qaoud*, 777 F.2d 1105, 1111 (6th Cir. 1985) (rejecting defendant's argument that evidence that he had not engaged in kickbacks on a prior occasion when solicited was essential "general pattern" evidence crucial to the defense and holding that evidence was irrelevant to the charged offense); *United States v. Troutman*, 814 F.2d 1428 (10th Cir. 1987) (evidence of the defendant's prior instances honest job performance was irrelevant to the whether he was guilty of the charged instances of corrupt job performance).

|   |   |
|---|---|
| | Respectfully submitted, |
| DATE: September 28, 2023 | STEVEN J. GROCKI<br>Chief, Child Exploitation and Obscenity Section |
| | By:     /s/<br>Angelica Carrasco<br>Gwendelynn Bills<br>Trial Attorneys<br>Child Exploitation and Obscenity Section<br>1301 N.Y. Avenue, N.W.<br>Washington, D.C. 20008<br>Angelica.carrasco@usdoj.gov |