STEVEN J. GROCKI
Section Chief
U.S. Department of Justice
Criminal Division
Child Exploitation and Obscenity Section

GWENDELYNN BILLS, TN #034150
ANGELICA CARRASCO, NJ #154252015
Trial Attorneys
United States Department of Justice, Criminal Division
Child Exploitation & Obscenity Section
1301 New York Avenue, N.W.
Washington, D.C.  20005

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LINWOOD HOSEA GORDON,<br><br>    Defendant. | CASE NO.  2:21-CR-00197-DJC<br><br>**UNITED STATES' MOTION TO ADMIT EVIDENCE AS INTRINSIC AND PURSUANT TO RULES 413 AND 404(B)**<br><br>Court: Hon. Daniel J. Calabretta |

   The United States, by and through the undersigned, provides notice of its intent to offer evidence of the Defendant's other acts of sexual assault, pursuant to Fed. R. Evid. 413, as well as evidence of other uncharged acts, pursuant to Fed. R. Evid. 404(b). This evidence falls into two categories: additional abuse of the Defendant's victims and the Defendant' acts of anger and violence. As discussed below, this evidence is intrinsic to the charged offenses, but the government submits the notice to ensure an efficient resolution of any challenges.

1

**I. Introduction**

The Defendant is pending trial on a four-count Superseding Indictment related to his abuse of two victims. Count One relates to the abuse of Victim 1. Counts Two through Four relate to the abuse of Victim 2.

Count One charges that in April 2017, the defendant knowingly engaged in and attempted to engage in sexual contact with Victim 1 without her permission. The charges stem from a day when Defendant claimed to be inspecting Victim 1's body, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ To prove that this constituted "sexual contact," the government will be required to show that the Defendant engaged in "intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of [Victim 1] with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." The Defendant has indicated that his intent will be the core of the defense at trial. To allow the jury to understand what occurred that day, the government intends to introduce evidence of the Defendant's prior interactions with the victim. The Defendant's actions on that day in April were just the continuation of a pattern of predatory and grooming conduct that spanned over a year. This behavior is consistent with the expert witness testimony of Dr. Darrel Turner that the government also intends to introduce. As indicated in the government's expert notice, Dr. Turner will testify about the grooming process, one aspect of which is "physical grooming:"

> Physical grooming involves the gradual sexualization of the relationship between the offender and the victim. Psychological grooming is used to achieve increased sexualization. The abuser builds the child's trust and then starts to violate boundaries. This may include the normalization of nudity. Offenders often desensitize a child to touch by beginning with seemingly innocuous touching, such as patting their bottom, squeezing, or hugging. This then can become more sexual over time. The offender may also begin introducing sexual conversation into discussion. This is the process by which an offender "normalizes" sexual acts with the child victim.

It is exactly that type of evidence that the government now seeks to admit.

1   For Victim 1 that process included the defendant ██████████████
2   ████████████  ████████████████████████████████████████
3   ████████████████████████████████████████████████████████
4   ████████████████████████████████████████████████████████
5   ████████████████████████████████████████████████████████
6   ████████████████████████████████████████████████████████
7   ████████████████████████████████████████████████████████
8   ████████████████████████████████████████

9   The Defendant's physical grooming of Victim 2 was strikingly similar to the conduct
10  described by Victim 1. Victim 2 describes the Defendant's physical grooming beginning
11  after ██████████████████████████████  ████████████
12  ████████████████████████████████████████████████████████
13  ████████████████████████████████████████████████████████
14  ████████████████████████████████████████████████████████
15  ████████████████████████████████████████

16  Because this early grooming conduct with both victims did not occur the military
17  and extraterritorial jurisdiction, these offenses were not able to be charged in the
18  indictments in this case.
19  The government also seeks to admit evidence encompassing both victims of the
20  Defendant's use of physical "punishments" and general patterns of anger and control. In
21  the first category, ████████████████████████████████
22  ████████████████████████████████████████████████████████ █
23  ████████████████████████████████████████████████ Victim 1
24  describes him resorting to physical force for the smallest of things. Victim 1 also describes
25  him as always screaming. The Defendant's wife during the time of the conduct with Victim
26  2 similarly described episodes of the Defendant's anger. On one occasion, the Defendant
27  lifted his wife off the floor by her neck and strangled her until she passed out. As Dr. Turner
28

will testify, this type of behavior is one of multiple factors that can lead a child not to disclose sexual abuse, for fear of the Defendant's violence.

## II. Argument

The jury in this case is entitled to understand the background against which the Defendant's crimes occurred, including the nature of his dynamic with the victims, evidence showing his intent at the time of the charged offenses, and pressures he placed on the victims to ensure their silence. This evidence is admissible as intrinsic to the charged offense, but also through two provisions of the Federal Rules of Evidence that expressly operate to allow this evidence.

### A. The Defendant's History with the Victims is Intrinsic to the Charged Offenses

The evidence government seeks to introduce is, at its core, intrinsic to the pending charges. Conduct is admissible as "intrinsic" evidence when it is "inextricably intertwined" with the charged offenses or "reasonably necessary for the prosecution to tell a clear and comprehensible story." *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013); *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 ("[I]t is obviously necessary in certain cases for the government to explain . . . the events surrounding the commission of the crime."). In the sexual offending context, the "grooming process" that the defendant engages in with the victim that ultimately leads to the offense is exactly this type of evidence. *See United States v. Steinmetz*, 900 F.3d 595, 600–01 (8th Cir. 2018). In *Steinmetz*, the defendant had sexually abused his stepdaughter between the ages of 13 and 16. *Id.* at 597. He also took nude photographs of her during this time, resulting in the federal charge of producing child pornography. *Id.* at 601. The Eighth Circuit affirmed that the evidence of sexual abuse was "'inextricably intertwined' with the charged offense of producing child pornography, because the molestation . . . was part and parcel of the 'grooming process' that led to the offense." *Id.* at 600–01. "The evidence was relevant to showing how [the defendant] came to produce child pornography" and, while "prejudicial," was not precluded by Rule 403. *Id.*; *United States v. Bauldwin*, 627 F.Supp.3d 1242,

1249–50 (D.N.M. 2022) (allowing in a child pornography production trial evidence of the victim's "history of sexual abuse at the hands of [the Defendant]" because "context matters" and without the context of the history of abuse "it may be hard for a jury to fathom" the charged conduct of "a father's video recording of sexual contact with his daughter"); *United States v. Billie*, No. C4-05-12, 2005 WL 2077198, at *2 (D.N.D. Aug. 26, 2005) (ruling that evidence of the Defendant's full pattern of sexual abuse against the victim was "so inextricably intertwined with the" charged sexual abuse "that it falls outside the province of Rule 404(b)" because it "establishes the ongoing nature of the sexual abuse" and "is relevant to the issue of whether [the Defendant] engaged in the conduct 'knowingly and intentionally'"). Evidence can also be intrinsic when it is necessary to show the nature of the relationship between the defendant and the victim. For example, in the domestic violence context in *United States v. Varela*, the trial court admitted evidence of a prior argument and physical restraint of the victim as necessary to allow the government to present a comprehensible story of a subsequent assault on the victim, because "it support[ed] the Government's theory regarding the ongoing coercive relationship between" the defendant and the victim. No. CR-21-00955-001-TUC-JCH (EJM), 2022 WL 4494777, at *4 (D. Ariz Sept. 28, 2022); *cf United States v. Piette*, 45 F.4th 1142 (10th Cir. 2022) (upholding the admission of the Defendant's molestation of the victim's children as necessary to "reveal the nature of [the Defendant's] household and convince the jury that the [victim] never consented to [the Defendant's] treatment").

        The history of anger, violence, and sexual abuse that victims experienced from the Defendant are all intrinsic to the charged offenses in this case. For both victims there was a period of grooming and sexual abuse at the hands of the Defendant that preceded the charged conduct. In both instances, the Defendant began to ███████████ ███████████████████████████████████████████ This conduct is not charged in the indictment for jurisdictional reasons, not because it was not a part of the Defendants abuse. For Victim 1, ████████████████████ ████████████████████████ explains the relationship between the Defendant and

the victim going into the date of the charged offense and provides substantial evidence of the Defendant's intent on that date. Similarly for Victim 2, the Defendant's history of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ explains the context of how the Defendant came to abuse the victim in Japan. Without the background of the Defendant's increasingly inappropriate behavior with his victims, the jury would not be able to understand the Defendant's actions and motivations during the charged offenses. This grooming behavior is necessary for the government to present the jury a clear and comprehensive story of the Defendant's charged abuses.

Similarly, the Defendant's history of anger and physical punishment informs the victim's responses to the Defendant's actions. Additionally, this actions served to add to the victims' feelings of isolation that they were already subject to from the Defendant. Without understanding their perception of their abuser's temperament, the jury will not be able to understand the reactions of the victims. It also provides important context for threats that both victims describe receiving from the Defendant and why they perceived true risk. In sum, the victims' histories and experiences with the Defendant are inextricably intertwined with the charged offenses.

### B. The Defendant's Prior Sexual Abuse and Grooming of the Victims is Admissible Under Rule 413

Even if they were not intrinsic, the Defendant's abuse of the victims at the earliest stages is admissible under Federal Rule of Evidence 413. Rule 413 provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." Fed. R. Evid. 413(a). The rule defines "sexual assault" to include "a crime under federal law or under state law . . . involving (1) any conduct prohibited by 18 U.S.C. chapter 109A." Fed. R. Evid. 413(d)(1). All offenses charged in the Superseding Indictment are chapter 109A offenses. Conduct prohibited by chapter 109A also covers all contact that the Defendant had with his victims prior to the charged. For example, § 2244(b) prohibits engaging in sexual contact with another person without that person's permission. Sexual contact is defined

as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246.

Evidence that satisfies this threshold criteria, "may [then] be considered on any matter to which it is relevant." Fed. R. Evid. 413(a). "Evidence that tends to show that [a defendant] committed another sexual assault . . . tends to show that [the defendant] had the propensity to commit another sexual assault." *United States v. Redlightning*, 624 F.3d 1090, 1120 (9th Cir. 2010). Under Rule 413, the court must apply the *LeMay* factors, considering: "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." *United States v. LeMay*, 260 F.3d 1018, 1027–28 (9th Cir. 2001). As with all evidence, admission of evidence of other acts of sexual assault remains subject to the balancing test of Rule 403. *See Redlightning*, 624 F.3d at 1120. Under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, all five *LeMay* factors support admitting Rule 413 evidence that, prior to the charged crimes, the Defendant ▮▮▮▮▮▮▮▮ of both victims under circumstances that demonstrate the Defendant's intent was to abuse, humiliate, harass, or degrade his victims, as well as to arouse or gratify his sexual desire. These actions were substantially similar to the charged conduct. With Victim 1, the Defendant is charged with touching the victim's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The Defendant's prior conduct is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. With Victim 2, the Defendant is charged with an escalating course of sexual abuse that started with ▮▮▮▮▮▮▮▮. Some of that ▮▮▮▮ ▮▮▮▮▮▮ began before the Defendant and the Victim were in the military jurisdiction in

7

Japan. For both victims, the Defendant's conduct occurred close in time, particularly when considered as a continuous course of conduct, to the charged offense. For Victim 1 it began within 2 years of the charges and occurred multiple times between onset and the charges. For Victim 2, it was a steady, frequent pattern of abuse continuing up to and through the charged time frame. There are no intervening circumstances that would diminish the relevance of the evidence. Finally, the evidence is necessary at trial. To be "necessary" in the Rule 403 sense, the evidence "need not be *absolutely necessary* . . . it must simply be helpful or *practically necessary*," *LeMay*, 260 F.3d at 1029. As described, the evidence is necessary to the jury to understand the full context of the Defendant's intent and the victims' experiences and reactions. Accordingly, the government should be permitted to introduce evidence of the Defendant's nonconsensual sexual contact with the victims prior to the charged offenses.

### C. The Defendant's Prior Conduct with the Victims is Admissible Under Rule 404(b)

Finally, the evidence is all admissible under Federal Rule of Evidence 404(b). Rule 404(b) provides that, although it cannot be used to show character or propensity, evidence of "other crimes, wrongs, or acts" can be admitted "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." This operates as a "rule of inclusion—not exclusion." *See United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc); *see also United States v. Blitz*, 151 F.3d 1002, 1007 (9th Cir. 1998). "Once it has been established that the evidence offered serves one of [the 404(b)] purposes . . . the only conditions justifying the exclusion of the evidence are those described in Rule 403." *Curtin*, 489 F.3d at 944 (internal quotation omitted). As the Supreme Court explained in *Huddleston v. United States*, 485 U.S. 681 (1988), "[e]xtrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only

means of ascertaining the mental state is by drawing inferences from conduct." 485 U.S. at 685. This is particularly true in the context of acts involving the same victim. As the Ninth Circuit concluded in the context of domestic violence, other acts of violence against the same victim are "textbook examples of evidence admissible under Rule 404(b)," as demonstrated by sister court rulings concluding such acts are "admissible as a 'critical part of the story' that clarifies the motive behind the charged crimes" and admissible as "evidence to illustrate the 'history of [the] relationship' between the defendant and the victim, which speaks to a defendant's intent." *United States v. Berckmann*, 971 F.3d 999, 1002 (9th Cir. 2020) (quoting *United States v. Covington*, 565 F.3d 1336, 1342–43 (11th Cir. 2009); *United States v. Johnson*, 860 F.3d 1133, 1142 (8th Cir. 2017)). Against that background, the Ninth Circuit highlighted that cases admitting such acts all say "essentially the same thing—prior (and subsequent) acts of violence towards the identical victim can shed light on the mindset of the defendant during the charged crime." *Id.*

Ultimately, the Ninth Circuit has adopted a four-part test to determine whether evidence is admissible under Rule 404(b). It may be admissible if: "(1) the evidence tends to prove a material point; (2) the act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005); *United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004). All four conditions are met here.

First, the evidence of the Defendant's grooming proceeding the sexual abuse of the victims, his physical control over the victims and his anger all tend to prove multiple material points, chief among them the Defendant's intent, but also including the victim's actions and responses to the abuse at the time of the charged offenses. The acts are far

from remote in time, as they all occurred within the immediate months to two years proceeding the charges. The evidence supporting the Defendant's commission of the prior acts evidence will primarily be the testimony of the victims and other people associated with the Defendant at the time, just like the testimony supporting the charged offenses. And finally, the prior acts are incredibly similar to the charged offenses. As detailed above, the sexual touching and grooming are all very similar to the charged offense, if not nearly identical. The Defendant's anger and use of physical punishment is also similar to the charged events because with both victims the Defendant used threats to accomplish his goals. With Victim 1, this threat involved ███████████████████████. With Victim 2, it involved both threats and actual violence. Accordingly, the evidence of the defendant's other acts that the government seeks to admit at trial provides crucial and persuasive evidence of the Defendant's motive, intent, preparation, and plan, as well as showing his absence of mistake and lack of accident. Collectively, it shows the Defendant's actions during the charged time for what they were—intentionally abusive and sexual assaults.

### III. Conclusion

For all the foregoing reasons, the government respectfully requests that the Court allows the government to introduce evidence of the Defendant's prior acts at trial.

Respectfully submitted,

DATE: September 28, 2023

STEVEN J. GROCKI
Chief, Child Exploitation and Obscenity Section

By:  \_\_\_/s/_____
Gwendelynn Bills
Angelica Carrasco
Trial Attorneys